## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**HARRISON COUNTY,**
**MISSISSIPPI, et al.**                                                 **PLAINTIFFS**

**v.**                                           **CAUSE NO. 1:19cv986-LG-RHW**

**MISSISSIPPI RIVER COMMISSION**
**and U.S. ARMY CORPS OF**
**ENGINEERS**                                                          **DEFENDANTS**

## ORDER GRANTING MOTION TO INTERVENE
## <u>FILED BY THE STATE OF LOUISIANA</u>

**BEFORE THE COURT** is the [36] Motion to Intervene filed by the State of

Louisiana, ex rel. Jeff Landry, Attorney General of the State of Louisiana, by and

through the Coastal Protection and Restoration Authority and the Coastal

Protection and Restoration Authority Board.  The plaintiffs have filed a response

stating that they do not oppose the Motion, but the defendants have not filed a

response to the Motion.  After reviewing the Motion, the record in this matter, and

the applicable law, the Court finds that the Motion to Intervene should be granted.

## BACKGROUND

The Bonnet Carré Spillway was constructed in St. Charles Parish, Louisiana,

as part of the Mississippi River and Tributaries Project.  The Spillway was designed

to divert water from the Mississippi River into Lake Pontchartrain in an effort to

prevent flooding.  After entering Lake Pontchartrain, the water diverted by the

Spillway flows into the Mississippi Sound.

The plaintiffs, which are local governments and businesses located near the Mississippi Sound, have sued the U.S. Army Corps of Engineers, which is responsible for the physical operation of the Spillway and other components of the Mississippi River and Tributaries Project.  The plaintiffs have also sued the Mississippi River Commission, which, according to the plaintiffs, is responsible for decisions regarding the operation of the Spillway.   The plaintiffs claim that the river water released while the Spillway was open during the spring and summer of 2019 caused damage to the oyster, fishing, and tourism industries on the Mississippi Gulf Coast and resulted in a decrease in tax revenues for local governments.

The plaintiffs assert that the defendants failed to perform the full environmental impact analysis for the Mississippi Rivers and Tributaries Project as required by the National Environmental Policy Act ("NEPA").  In addition, the plaintiffs allege that these defendants failed to supplement the Environmental Impact Statement for the Mississippi River and Tributaries Project "to reflect the changed circumstances and additional impacts resulting from the greater and more damaging Mississippi River flooding and resulting operation of the Bonnet Carré Spillway." (Am. Compl., at 24 (¶73).)  The plaintiffs further claim that the defendants violated the Magnuson-Stevens Fishery Conservation and Management Act, 16 U.S.C. § 1855(b)(2), by failing to consult with the Secretary of Commerce before opening the Spillway.  They seek a preliminary injunction, and permanent injunction requiring the defendants to perform an EIS.  They also ask the Court to

enter a declaratory judgment providing that the defendants' alleged violations of NEPA and the Magnuson-Stevens Act constitute a failure to act under the Administrative Procedure Act, 5 U.S.C. § 706(1).

Louisiana filed the present Motion seeking permission to intervene in the lawsuit. It claims that the plaintiffs' "requested relief, if fully granted, will have an impact on Louisiana citizens, including lives, properties, and businesses affected by the operation of the Bonnet Carré Spillway and other related Mississippi River and Tributaries Projects located in the State of Louisiana." (Louisiana's Mem., at 6, ECF No. 37.)

## DISCUSSION

The Federal Rules of Civil Procedure provide:

> On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24. "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 864 (5th Cir. 2019) (quoting *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014)). In order to intervene, a party must demonstrate that "(1) it timely applied; (2) it has an interest relating to the property or transaction that is the subject of the case; (3) disposition of the case may practically impair or impede

its ability to protect its interest; and (4) it is inadequately represented by the

existing parties." *CNA Metals Ltd.*, 919 F.3d at 865.

> The timeliness factor requires consideration of whether:
>
> (1) the length of time during which the intervenor actually knew or
> reasonably should have known of his interest in the case; (2) the extent
> of prejudice to the existing parties to the litigation; (3) the extent of
> prejudice to the would-be intervenor; and (4) unusual circumstances.

*Id.*  It is unclear when Louisiana learned of its interest in this lawsuit.  This lawsuit

has been pending for five months, and none of the current parties to the case have

identified any prejudice that they would suffer if Louisiana is permitted to

intervene.  There is no indication that permitting Louisiana to intervene at this

early stage of litigation would delay resolution of the case.  Louisiana could be

prejudiced if it is not allowed to intervene because decisions made in this lawsuit

may impact Louisiana and its residents.  Finally, there are no unusual

circumstances affecting the timeliness of Louisiana's Motion.  As a result, the Court

finds that Louisiana's Motion to Intervene is timely.

As for the second and third factors, Louisiana has demonstrated that it has

an interest in the subject matter of this lawsuit and that its ability to protect its

interests could be impaired by a ruling in this lawsuit.  The Spillway and other

components of the Mississippi River and Tributaries Project are located in

Louisiana.  Operation of the various components of the Mississippi River and

Tributaries Project impacts Louisiana because Louisiana cities and towns can

experience flooding from the Mississippi River.

Finally, Louisiana's interests are inadequately represented by the existing

parties.  In its Memorandum in Support of its Motion, Louisiana explains:

> While [Louisiana] joins the Defendants in opposing the injunctive
> relief requested insofar as it would require action prior to operating the
> Bonnet Carré Spillway, Louisiana does not necessarily agree that the
> Mississippi Parties are entirely unentitled to relief, as argued by the
> Corps and MRC in their Motion to Dismiss.  Instead, while Louisiana
> supports the operation of the Spillway to protect lives and property, it
> also recognizes that the Corps could take steps to manage water
> resources differently during high water events.

(Louisiana's Mem., at 16, ECF. No. 37.)

After reviewing all of the relevant factors, the Court finds that Louisiana

should be permitted to intervene in this lawsuit as a matter of right.  At this time,

the Court finds that Louisiana should be classified as an intervenor defendant.  The

Court may reconsider Louisiana's proper classification as the litigation progresses,

if necessary.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [36] Motion

to Intervene filed by the State of Louisiana, ex rel. Jeff Landry, Attorney General of

the State of Louisiana, by and through the Coastal Protection and Restoration

Authority and the Coastal Protection and Restoration Authority Board is

**GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Clerk of Court

is directed to add the State of Louisiana, ex rel. Jeff Landry, Attorney General of

the State of Louisiana, by and through the Coastal Protection and Restoration

Authority and the Coastal Protection and Restoration Authority Board to the docket

sheet of this lawsuit as an "intervenor defendant."

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the State of Louisiana, ex rel. Jeff Landry, Attorney General of the State of Louisiana, by and through the Coastal Protection and Restoration Authority and the Coastal Protection and Restoration Authority Board, must file its Answer to Amended Complaint within **SEVEN DAYS** of the date of this Order.

**SO ORDERED AND ADJUDGED** this the 12th day of June, 2020.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

-6-