IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HARRISON COUNTY, MISSISSIPPI;
HANCOCK COUNTY, MISSISSIPPI;
CITY OF BILOXI, MISSISSIPPI; CITY
OF D'IBERVILLE, MISSISSIPPI;
CITY OF WAVELAND, MISSISSIPPI;
MISSISSIPPI HOTEL AND LODGING
ASSOCIATION; MISSISSIPPI
COMMERCIAL FISHERIES UNITED,
INC.; PASS CHRISTIAN,
MISSISSIPPI; CITY OF
DIAMONDHEAD, MISSISSIPPI                                    PLAINTIFFS

v.                                              CAUSE NO. 1:19cv986-LG-RPM

MISSISSIPPI RIVER COMMISSION
and U.S. ARMY CORPS OF
ENGINEERS                                                   DEFENDANTS

## ORDER CLARIFYING SCOPE OF JURISDICTIONAL DISCOVERY

**THIS MATTER IS BEFORE THE COURT** sua sponte for the purpose of clarifying the scope of jurisdictional discovery permitted pursuant to this Court's prior Order [60]. It has come to the Court's attention that a dispute has arisen among the parties as to the scope of jurisdictional discovery permitted in this case.

The Court has taken the defendants' [16] Motion to Dismiss for Lack of Jurisdiction under advisement so that the plaintiffs can conduct discovery concerning whether the National Environmental Policy Act ("NEPA") required the defendants to prepare an Environmental Impact Statement concerning the impact of the opening of the Bonnet Carré Spillway. As the Court previously explained, the pertinent inquiry is whether the opening of the Spillway was "within the

contemplation of the original project when adopted or approved." *See Westlands Water Dist. v. U.S. Dep't of Interior, Bureau of Reclamation*, 850 F. Supp. 1388, 1415 (E.D. Cal. 1994). As a result, a supplemental EIS is required if federal action would change the status quo or if operation of the facility is not routine. The last EIS was performed in 1976.

The plaintiffs are therefore permitted to conduct jurisdictional discovery concerning any changes in the condition, nature, and operation of the Mississippi River and Tributaries Project between 1976 and 2019. The inquiry is not limited to mechanical operation of the Bonnet Carré Spillway but any conditions that may affect the environmental impact of operation of the Spillway on the Mississippi Sound. For instance, the plaintiffs may seek information in the defendants' possession concerning the criteria for opening the Bonnet Carré Spillway, any changes in the footprint of the Mississippi River between 1976 and 2019, any changes in the River's capacity to carry water between 1976 and 2019, and any changes in the volume or flow of water in the Mississippi River between 1976 and 2019.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this prior Court's Order [60] permitting jurisdictional discovery is **AMENDED** to include these clarifications.

**SO ORDERED AND ADJUDGED** this the 1st day of February, 2021.

             s/ *Louis Guirola, Jr.*
             Louis Guirola, Jr.
             United States District Judge